## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERREL WALKER | Docket No. 2:19-mj-326-JHR |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Robert Ekey, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Food and Drug Administration, Office of Criminal Investigations (FDA OCI), assigned to the Boston Resident Office in Wakefield, Massachusetts. As such, I am authorized to conduct criminal investigations, make arrests, and execute search and arrest warrants for offenses in violation of the federal Food, Drug and Cosmetic Act (FDCA), Title 21, United States Code, Sections 301-395 and related violations of Title 18 of the United States Code and related violations of Title 18 and Title 21 of the United States Code. I have been a federal law enforcement officer since 1998. Prior to joining FDC OCI, I was employed as a Special Agent with the Department of Housing and Urban Development, Office of Inspector General and the Treasury Inspector General for Tax Administration, and as an Inspector with the Internal Revenue Service (IRS), Inspection Service. I have been a Special Agent with FDA OCI for over eight years. I have completed the Special Agent Training Program at the Federal Law Enforcement Training Center, IRS Inspector Basic Training Program, FDA OCI Special Agent Training Program and the FDA OCI Food and Drug Law Training Program, which covered various legal aspects of criminal enforcement of the FDCA

related to the sales of misbranded and adulterated drugs. I have been the affiant on numerous search and arrest warrants and have conducted numerous investigations regarding violations of Titles 18 and 21 of the United States Code.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other members of law enforcement reports and witnesses.

3. I make this affidavit in support of a criminal complaint charging Terrel Walker with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and holding for sale a counterfeit drug, in violation of Title 21, United States Code, Section 331(i)(3).

4. On August 15, 2019, at approximately 9:00 p.m., a Trooper with the Maine State Police observed a vehicle bearing Maine Registration 34445XH traveling northbound on the Maine Turnpike in York traveling in the middle lane. The vehicle continued in the middle lane, not overtaking or passing any other vehicles.

1. The Trooper conducted a stop of the vehicle for failure to keep right except overtaking or passing, and approached the vehicle. The driver was identified with a Maine Identification card as Terrel Walker and the passenger was identified with a Maine Driver's license as Person A.

2. While speaking with Walker and Person A the Trooper smelled the odor of burnt marijuana coming from the vehicle. The Trooper observed a marijuana blunt in an ashtray in the center console area. Walker denied that he and Person A had been smoking.

3. The Trooper learned that the vehicle was a rental from Enterprise Rental and neither Walker nor Person A were on the rental agreement.

4.  Person A informed the Trooper that her and Walker were coming from Boston and when asked what they were doing, Person A responded that they were not doing anything wrong. Person A later indicated they had visited friends.

5.  Walker when asked where they were coming from, stated they were coming from Taunton, Massachusetts where they had been visiting family.

6.  The Trooper radioed for Trooper Wilkinson to respond to the scene with her non-marijuana narcotic detecting canine. Trooper Wilkinson responded on scene approximately three minutes later.

7.  While the Trooper contacted Enterprise Rental Company in regards to the rental vehicle, Trooper Wilkinson had her canine conduct a sniff of the vehicle. The canine gave a positive alert for the odor of narcotics in the vehicle.

8.  Trooper Wilkinson began searching the vehicle and located a loaded firearm, with a round in the chamber in the center console of the vehicle. Trooper Wilkinson also located a black duffle bag in the back seat of the vehicle that contained a large bag of what appeared to be Xanax pills and 140.2 grams of what appeared to be cocaine. Additionally, paperwork with Walker's name on it was located inside the bag.

9.  Both Person A and Walker denied having a prescription for Xanax and denied knowing anything about the black duffle bag.

10. The suspected cocaine was sent to the Maine State Laboratory where it was tested and came back positive for 140.2 grams of cocaine hydrochloride.

11. The bag of suspected Xanax pills contained 860 pills and 20 partial pills, with the bag weighing approximately 317 grams. The pills were sent to the Food and Drug Administration lab and were found not to be consistent with authentic Xanax tablets

manufactured by Pfizer and instead contained alprazolam, 5-methoxy DBT, and doxepine and hyoscyamine.

12. Additionally, I am familiar with the appearance and markings of factory produced alprazolam pills. Based on my physical examination of the seized pills, I believe they are counterfeit.

13. Based on my training and experience, I believe the seized quantities of cocaine and pills are consistent with further distribution and inconsistent with personal use.

## CONCLUSION

14. I respectfully submit, based on the facts set forth above, that probable cause exists to charge Terrel Walker by Criminal Complaint with the offense of possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and holding for sale a counterfeit drug, in violation of Title 21, United States Code, Section 331(i)(3), and request that the accompanying Criminal Complaint be issued.

Robert Ekey
Special Agent
Food and Drug Administration

Sworn to before me and subscribed in my presence this 6th day of November, 2019.

John H. Rich III
U.S. Magistrate Judge

4