**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:19-cr-00220-JDL |
| TERREL WALKER, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR EGREGIOUS POLICE MISCONDUCT**

NOW COMES the Defendant, Terrel Walker, by and through his attorney, Leonard I. Sharon, Esq., and moves this Honorable Court to dismiss the Indictment under the Due Process Clause of the United States Constitution. U.S. Const. amend. V and XIV.

I. TROOPER JOHN DARCY'S PROFILING OF PERSONS WEARING DREADLOCKS AND "WIFEBEATER" T-SHIRTS IS OUTRAGEOUS.

In 1863, President Lincoln in the Emancipation Proclamation declared that "all persons held as slaves within any State or designated part of a State, the people whereof shall then be in rebellion against the United States, shall be then, thenceforward, and forever free." President Abraham Lincoln, *The Emancipation Proclamation* (Jan. 1, 1863) (transcript available at nationalarchives.gov).

It is 2020; eight years after a grassroots organization was formed to remind us that "Black Lives Matter," and here we are! Again!

1

The war on drugs has resulted in the selective enforcement of the law against persons of color. Baby boomers were witness to the treatment of those who protested in the Deep South. The 6:30 news brought videotapes of peaceful protesters being beaten. Before being beaten, however, they were knocked off their feet by a powerful fire hose wielded by police officers. We also watched in amazement that the only persons charged were the protesters. Few, if any, law enforcement officers were brought before the bar for the assaults on protesters. Those who came south on freedom buses left with bruises and broken bones, if they returned at all. Those who came south to peacefully protest were brought to court and convicted of resisting arrest, assault, etc. We watched Rodney King's beating. We watched the acquittal of the officers involved in his beating. We recoiled at the violence that followed the acquittals. Today, beatings are perhaps the mildest form of punishment for black people. The numbers of black people shot to death by police have skyrocketed. The black community today and always has, feared the police. *See* Stephen L. Carter, *Police and Oppression Have a Long History*, Bloomberg (Oct. 29, 2015, 6:19 PM), https://www.bloomberg.com/opinion/articles/2015-10-29/policing-and-oppression-have-a-long-history. The NAACP remains the longest lasting civil rights group in our country. Formed in 1909, the NAACP has fought valiantly to ensure that the black community will not suffer discriminatory application of our laws at the hands of the police.

From the turn of the century to today, civil rights advocates have identified police oppression of blacks as a major cause of distress within the community. Martin Luther King said that "[P]olice brutality, with community support, or at best indifference, is a daily experience for Negroes in all too many areas of the South. They live in a police state which, paradoxically, maintains itself within a democratic republic." Martin Luther King, Jr., *Hammer on Civil Rights,*

*in A Testament of Hope: The Essential Writing and Speeches of Martin Luther King, Jr.* 169–76 (1986).

"We want an immediate end to police brutality and murder of Black people. We believe we can end police brutality in our Black Community by organizing Black self-defense groups that are dedicated to defending our Black community from racist police oppression and brutality." *Black Panther Party Platform and Program: What We Want and What We Believe* (Oct. 1966). Malcolm X joined in the condemnation of the treatment of blacks. "Once the police have convinced the white public that the so-called Negro community is a criminal element, they can go in and brutalize and murder unarmed innocent Negroes and the white public is so gullible to back them up. This makes the Negro community a police State." Malcom X, *Address on Police Brutality* (1962)*,* https://www.youtube.com/watch?v=vxIh_CD7Rv0.

Perhaps one of our greatest freedoms is the right to travel freely. It is outrageous in the year 2020 for a law enforcement officer to brag that he targets certain classes of people for special treatment. Trooper Darcy tries to acquit himself by claiming he is not a racist. He just targets all drivers who wear their hair in dreads and wear sleeveless "wifebeater" T-shirts. The trooper has concluded that citizens who choose to wear their hair in a certain manner and don a certain item of dress are subject to his rough form of justice. The trooper has concluded that these folks are "thugs." "I don't give a f-ck if someone's black or white . . . Like, don't play that racial sh-t with me . . ." *(Audio of Trooper Darcy, Watchguard video.)*

This is not a case where we must infer discriminatory intent. This is a case where the officer is emboldened to brag of his constitutionally impermissible behavior, as if it is something to be proud of.

It is not too great a stretch to attribute his cavalier behavior to the climate created by Governor Paul LePage.  *See* Amber Phillips, *LePage doubles down: 'The enemy right now' is 'people of color or people of Hispanic Origin,'* Wash. Post (Aug. 27, 2016, 1:00 PM), *https://www.washingtonpost.com/news/the-fix/wp/2016/08/26/this-is-gov-paul-richard-lepage-i-would-like-to-talk-to-you-about-your-comments-about-my-being-a-racist-you-expletive/*.

In 2010, Governor LePage referred to a three-ring binder he keeps of drug dealers.  "I will tell you that 90-plus percent of these pictures in my book -- and it's a three-ring binder -- are black and Hispanic people from Waterbury, Connecticut, or the Bronx and Brooklyn." *Id.*  The Governor went on, "[G]uys with the name D-Money, Smoothie, Shifty come from New York and Connecticut to sell their heroin in Maine and half the time they impregnate a young white girl before they leave." *Id.*

The trooper is no stranger to this Court.  In *United States v. Anthony Jones, 2:19-cr-00201-JDL,* "Order on Motion for Discovery," this Court addressed a defendant's discovery request for evidence of prior stops of this same trooper.  "Jones argues that 'this case seemingly involves an instance of racial profiling.'"  Order on Motion for Discovery at 7, *United States v. Anthony Jones,* No. 2:19-cr-00201-JDL*,* 2020 WL 3128905, slip op. at 7 (D. Me. June 12, 2020).

In *Jones* there has yet to be a hearing on the defendant's claim.  In *Jones* the defendant does not have the smoking gun, i.e., the actual admission by a trooper that he engages in profiling of a certain class of citizen.

There is no question that the Defendant, Terrel Walker, is part of this identifiable class and that Trooper Darcy was so aware before he pulled him over for driving in a middle lane of a three-lane highway without passing.  29-A M.R.S.A. § 2052(6).  (We argue in our motion to suppress that there was no articulable suspicion to pull the vehicle over for violation of this statute.)

II. IF A COURT CONCLUDES THAT THE BEHAVIOR OF THE STATE, I.E., POLICE OR PROSECUTORS, IS SO OFFENSIVE AS TO OFFEND COMMON NOTIONS OF DECENCY, THEY MAY DISMISS THE CHARGES.

The Supreme Court has established that regardless of a defendant's guilt or innocence, an indictment will be dismissed for egregious police or prosecutorial conduct.

The roots of this concept were found in a dissent in *Olmstead v. United States,* 277 U.S. 438 (1928). Justice Brandeis warned that "to declare that in the administration of criminal law the end justifies the means -- to declare that the government may commit crimes in order to secure the convictions of a private citizen would bring terrible retribution. Against that pernicious doctrine the Court should resolutely set its face." *Id.*

*United States v. Russell,* 411 U.S. 423 (1973), gave teeth to *Olmstead.* The Court stated that dismissal was appropriate when the government's conduct is "shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." *Id.* at 431–32. The conduct must be shown to have reached a "demonstrable level of outrageousness." *Hampton v. United States,* 425 U.S. 484, 595 n.7 (1976).

There is really no limit to the types of behavior that might result in a dismissal. It is, however, a common principle that where the police have been brutal, employing physical or psychological oppression or engage in clearly excessive searches upon a defendant, the Court may dismiss an indictment. *See Rochin v. California,* 342 U.S. 165 (1952). In *Rochin,* three law enforcement officers illegally entered the defendant's residence based on information that he was selling narcotics. The officers forced their way into a bedroom where they observed the defendant sitting on a bed with his wife. After the defendant grabbed two pills from a night stand and placed them in his mouth, the three officers jumped on him and tried to extract the pills. When the

5

officers' efforts proved unsuccessful, they arrested the defendant and took him to a hospital and had his stomach pumped against his will.  Eventually, he vomited two pills of morphine.  The Supreme Court found that the case should be dismissed for outrageous police misconduct.  *Id.*  In doing so, the Court cited the California Supreme Court in *People v. Rochin,* 101 Cal.App.2d 140, 149 (1950), wherein the Court commented that "[A]s a conviction which rests upon evidence of incriminating objects obtained from the body of the accused by physical abuse is as invalid as a conviction which rests upon a verbal confession extracted by physical abuse."

Excessive search and seizure which falls short of the common notions of decency and fair play will call for a dismissal.  The Ninth Circuit found a due process violation where border patrol agents forcibly removed heroin tubes from the rectum of a suspected smuggler.  *Huguez v. United States,* 406 F.2d 366, 381 (9th Cir. 1968).  There is no bright line dictating when law enforcement crosses the line between acceptable and outrageous.  Each case must, therefore, be based upon the totality of the circumstances.  However, outrageous police behavior is a fact common to many dismissals.  See, e.g., *United States v. McClelland,* 72 F.3d 717, 721 (9th Cir. 1995) (dismissal of indictment where the police used physical and psychological excesses to induce the defendant to commit a crime).

This Court has the opportunity to close its courtroom to these prosecutions.  Our Courts should not dignify these prosecutions of black people who fall prey to racial profiling or any citizen who has been unfairly profiled because of their hairstyle and clothing.  The price our country pays for this behavior has proven excessive.

The Defendant has cited to this Court in his Motion to Suppress Evidence studies that define the harm caused by unfair stops of a class of citizens.  When police behavior becomes unreasonable, the Court has power to act.

There has to be some deterrent to men like John Darcy, who is given a badge that he uses to hide behind his mission to unconstitutionally deny a readily identifiable class of citizens equal protection and due process under our Constitution. What could be more outrageous?

Someone has to deter Trooper Darcy's behavior.

If this Court finds that *Whren* forecloses the use of the Fourth Amendment to exclude the fruits of this class related stop, the Due Process Clause of the Fourteenth Amendment allows the Court to dismiss this prosecution for the outrageous behavior of Trooper Darcy. *See Huguez,* 406 F.2d at 381.

Dated at Lewiston, Maine, this 1st day of July, 2020.

/s/Leonard I. Sharon
Leonard I. Sharon, Esq.
ME Bar No. 3291
Attorney for Defendant, Terrel Walker
Andrucki & King
179 Lisbon Street, 3rd Floor
P.O. Box 7120
Lewiston, ME 04243-7120
(207) 777-4600
*LIS@andruckilaw.com*


/s/ Logan E. Perkins
Logan E. Perkins, Esq.
ME Bar No. 5033
Co-counsel for Defendant, Terrel Walker
Perkins Law Office
253 Waldo Ave.
Belfast, ME 04915
(207) 949-7371
*logan@belfastcriminallaw.com*

CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing Defendant's Motion to Dismiss for Egregious Police Misconduct with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Meghan E. Connelly, AUSA
United States Attorney's Office
100 Middle Street, East Tower, 6th Fl.
Portland, ME 04101
meghan.connelly@usdoj.gov

I hereby certify that on July 1, 2020, I have mailed by United States Postal Service, the document to the following non-registered participant at the following address:

Terrel Walker
P.O. Box 372
Orono, ME 04473

      Dated at Lewiston, Maine, this 1st day of July, 2020.

                              /s/Leonard I. Sharon
                              Leonard I. Sharon, Esq.
                              Attorney for Defendant, Terrel Walker
                              Andrucki & King
                              179 Lisbon Street, 3rd Floor
                              P.O. Box 7120
                              Lewiston, ME 04243-7120
                              (207) 777-4600
                              LIS@andruckilaw.com