**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff             )<br>                         )<br>v.                       )   Case No. 2:19-cr-00220-JDL<br>TERREL WALKER,       )<br>       Defendant       )| |

**DEFENDANT'S MOTION TO DISMISS**
**BASED ON EQUAL PROTECTION VIOLATION**

NOW COMES the Defendant, Terrel Walker, by and through his attorney, Leonard I. Sharon, Esq., and moves this Honorable Court to dismiss the Indictment under the Equal Protection Clause of the United States Constitution. U.S. Const. amend. V and XIV.

**I. The Stop Violated Defendant's Rights Under the Equal Protection Clause**

The Defendant was the subject of discriminatory law enforcement and, as such, the Indictment against him should be dismissed as violative of his equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution.

A. FACTUAL BACKGROUND

Terrel Walker adopts the facts set forth in his Motion to Suppress Evidence. The Defendant was a member of a class of citizens whom Trooper Darcy subjected to different treatment from other citizens based upon the citizen's hairstyle (dreads) and dress (sleeveless T-shirts). The officer at least in part was motivated by his discriminatory purpose, i.e., to treat that class of citizens to pretextual stops based upon the trooper's classification of these citizens as thugs. Therefore, to Trooper Darcy, dreads plus sleeveless T-shirt = thugs = drug dealers = reason to stop.

B. LAW

The Defendant has urged this Court to revisit *Whren v. United States*, 517 U.S. 806 (1996), to once again apply the Fourth Amendment's exclusionary rule to these types of pretextual stops. In 2020, it can be said that such pretextual stops are unreasonable.

In the Defendant's Motion To Suppress Evidence, Mr. Walker has traced the demise of the exclusionary rule as a remedy to deter police from class-based law enforcement. Scholars since *Whren* have sounded the death knell for suppression of evidence based upon pretextual stops based on race or any other similar class-based rationale. *See, e.g.,* Brando S. Starkey, *A Failure of the Fourth Amendment & Equal Protection Promise: How the Equal Protection Clause Can Change Discriminatory Stop and Frisk Policies,"* 18 Mich. J. of Race & L. 131 (2012). Professor Starkey opines that "The Fourth Amendment as currently interpreted, however, permits cities like New York to promulgate stop and frisk practices that result in racial harassment." *Id.* at 131 (citing *Whren)*.

"[R]acially selective law enforcement violates this nation's constitutional values at the most fundamental level; indeed, unequal application of criminal law to white and black persons was one of the central evils addressed by the framers of the Fourteenth Amendment." *Marshall v. Columbia Lea Regional Hospital,* 345 F.3d 1157, 1168 (10th Cir. 2003).

In addition to any Fourth Amendment claim, the Defendant asserts that his rights were violated under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause prohibits the discriminatory application of facially impartial laws. To demonstrate an Equal Protection violation in the instant case, the Defendant must show that the trooper's actions had a discriminatory effect and were motivated in part by a discriminatory purpose. See: *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S.

252, 272–74 (1977). This must be demonstrated by a preponderance of the evidence. *Castaneda, Sheriff v. Partida,* 430 U.S. 482, 501 (1977). Once a prima facie case for discrimination is made, the burden shifts to the government to rebut the presumption. *Id.* at 493.

It has long been the principle that the Court can dismiss an indictment based upon selective prosecution. The United States Supreme Court reminded that the decision to prosecute "may not be based on 'an unjustifiable standard such as race, religion, or **other arbitrary classification**.'" *United States v. Armstrong,* 517 U.S. 456, 465 (1996) (emphasis added).

It is clear that Terrel Walker does not complain that he was prosecuted because he wears dreads and wore a wifebeater T-shirt. Rather, he complains that he was subject to arbitrary and selective law enforcement based on an arbitrary classification of him based on color, hairstyle, and dress. "The analysis is the same." *United States v. Barlow,* 310 F.3d 1007, 1010 (7th Cir. 2002).

To show a discriminatory effect, the Defendant must demonstrate that he is a member of a protected class; that he is otherwise similarly situated to members of an unprotected class; and that he was treated differently. *Chavez v. Illinois State Police,* 251 F.3d 612, 636 (7th Cir. 2000). The classification of Terrel Walker based on race, hairstyle, and clothing is likewise entitled to the highest standard of scrutiny provided by law. *See, e.g., United States v. Brignoni-Ponce, 422 U.S. 873 (1975).*

It is "constitutionally impermissible, violative of the Equal Protection Clause" when "an officer initially targets someone solely because of his race, without additional factors, and because of the person's race the officer follows and investigates that person for drug trafficking." *United States v. Avery,* 137 F.3d 343, 353–54 (6th Cir. 1997). A person cannot become the target of a police investigation solely on the basis of skin color or some other arbitrary class established by Trooper Darcy for special treatment. Such selective law enforcement is forbidden. *Id.* "The risk

inherent in such practice is that some police officers will use the pretext of traffic violations or other minor infractions to harass members of groups identified by factors that are totally impermissible as a basis for law enforcement activity—factors such as race or ethnic origin, or simply appearances that some police officers do not like, such as young men with long hair, heavy jewelry, and flashy clothing." *U.S. v. Scopo,* 19 F.3d 777, 786 (2d Cir. 1994) (Newman, J. concurring).

The risk proved a reality to Mr. Walker, who was chosen by Trooper Darcy because this police officer does not like people with dreads and wifebeater T-shirts. To Trooper Darcy these citizens are thugs. "White kid, neck tats all over him, f-cking sideways hat, thug." *(Audio of Trooper Darcy, Watchguard video.)*

Dated at Lewiston, Maine, this 1st day of July, 2020.

/s/Leonard I. Sharon
Leonard I. Sharon, Esq.
ME Bar No. 3291
Attorney for Defendant, Terrel Walker
Andrucki & King
179 Lisbon Street, 3rd Floor
P.O. Box 7120
Lewiston, ME 04243-7120
(207) 777-4600
*LIS@andruckilaw.com*


/s/ Logan E. Perkins
Logan E. Perkins, Esq.
ME Bar No. 5033
Co-counsel for Defendant, Terrel Walker
Perkins Law Office
253 Waldo Ave.
Belfast, ME 04915
(207) 949-7371
*logan@belfastcriminallaw.com*

CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing Defendant's Motion to Dismiss Based on Equal Protection Violation with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Meghan E. Connelly, AUSA
United States Attorney's Office
100 Middle Street, East Tower, 6th Fl.
Portland, ME 04101
meghan.connelly@usdoj.gov

I hereby certify that on July 1, 2020, I have mailed by United States Postal Service, the document to the following non-registered participant at the following address:

Terrel Walker
P.O. Box 372
Orono, ME 04473

      Dated at Lewiston, Maine, this 1st day of July, 2020.

      /s/Leonard I. Sharon
      Leonard I. Sharon, Esq.
      Attorney for Defendant, Terrel Walker
      Andrucki & King
      179 Lisbon Street, 3rd Floor
      P.O. Box 7120
      Lewiston, ME 04243-7120
      (207) 777-4600
      LIS@andruckilaw.com