UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| TERREL WALKER, | ) ) ) | 
| Defendant | ) |

Case No. 2:19-cr-00220-JDL

### DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS

NOW COMES the Defendant, Terrel Walker, by and through his attorney, Leonard I. Sharon, Esq., and moves this Honorable Court as follows:

This Indictment is one of the rare instances where the mere recitation of the elements of the crime as contained in the statute does not suffice. Terrel Walker is requesting that this Court exercise its power under Fed. R. Crim. P. 7(f) to direct the government to file a bill of particulars.

**A) LAW**

The general rule of law states that, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The United States Supreme Court has reasoned that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

Imprecision in the language of an indictment does not even require more particularity. *United States v. Brown,* 295 F.3d 152, 155–57 (1st Cir. 2002) (indictment for kidnapping sufficient

1

despite omission of allegation that kidnapping caused death of victim because defendant on notice from other counts which allege that the defendant killed a victim).

Where then does a bill of particulars come in handy? The answer is when the defendant requires more particularity in describing the offense. Case law answers this question in a manner which gives guidance to the court in determining whether a defendant's request for more particularity should be granted. For example, Magistrate Judge Cohen wrote:

> The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against [sic] trial, and to protect against double jeopardy. *United States v. El-Silimy,* CR.N. 04-63-BW, 225 F.R. D 52, 54 2005 U.S. Dist. LEXIS 6147 *2 (D. Me. 2005) (Motion denied by *United States. v. El-Silimy,* 417 F. Supp. 2d 75 2006 U.S. Dist. LEXIS 8540 (D. Me. 2006)).

Judge Woodcock warned that "motions for bills of particulars are seldom employed in modern federal practice." *United States v. Kinsella,* 380 F. Supp. 2d 7, 10, 2005 U.S. Dist. LEXIS 15946 **7 (citing *United States. v. Sepulveda,* 15 F.3d 1161, 1192 (1st Cir. 1993); *United States. v. Abreau,* 952 F.2d 1458, 1469 (1st Cir. 1992)). "Open-file discovery may indeed obviate the need for greater specificity." *Id.* at **7 (citation omitted).

B) **PARTICULARS REQUIRED**

In this instance, the Defendant, Terrel Walker, only desires particularity as to Count 2 of the Indictment which charges him with "Holding for Sale a Counterfeit Drug," 21 USCA § 331(i)(3).

Counterfeit drug is defined, pursuant to 21 U.S. Code § 321, as:

The term "counterfeit drug" means a drug which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, or device, or any likeness thereof, of a drug manufacturer, processor, packer, or distributor other than the person or persons who in fact manufactured,

processed, packed, or distributed such drug and which thereby falsely purports or is represented to be the product of, or to have been packed or distributed by, such other drug manufacturer, processor, packer, or distributor.

Here, the indictment fails to define what drug the Defendant possessed and what trademark or identification it bore of another drug.

The terms are not mere surplusage, as they are elements of the crime. *See* 21 U.S.C.A. § 331(i)(3).

WHEREFORE, the Defendant, Terrel Walker, respectfully requests that this Honorable Court issue an Order requiring the Government to file a bill of particulars stating the chemical makeup of the substance possessed by the Defendant, as well as the drug which it falsely purports to be.

Dated at Lewiston, Maine, this 1st day of July, 2020.

/s/Leonard I. Sharon
Leonard I. Sharon, Esq.
ME Bar No. 3291
Attorney for Defendant, Terrel Walker
Andrucki & King
179 Lisbon Street, 3rd Floor
P.O. Box 7120
Lewiston, ME 04243-7120
(207) 777-4600
*LIS@andruckilaw.com*


/s/ Logan E. Perkins
Logan E. Perkins, Esq.
ME Bar No. 5033
Co-counsel for Defendant, Terrel Walker
Perkins Law Office
253 Waldo Ave.
Belfast, ME 04915
(207) 949-7371
*logan@belfastcriminallaw.com*

CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing Defendant's Request for a Bill of Particulars with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Meghan E. Connelly, AUSA
United States Attorney's Office
100 Middle Street, East Tower, 6th Fl.
Portland, ME 04101
meghan.connelly@usdoj.gov

I hereby certify that on July 1, 2020, I have mailed by United States Postal Service, the document to the following non-registered participant at the following address:

Terrel Walker
P.O. Box 372
Orono, ME 04473

      Dated at Lewiston, Maine, this 1st day of July, 2020.

                            /s/Leonard I. Sharon
                            Leonard I. Sharon, Esq.
                            Attorney for Defendant, Terrel Walker
                            Andrucki & King
                            179 Lisbon Street, 3rd Floor
                            P.O. Box 7120
                            Lewiston, ME 04243-7120
                            (207) 777-4600
                            LIS@andruckilaw.com